FRANCIS K. DUDLEY *vs.* INHABITANTS OF WESTON.

In an action against a town to recover damages sustained by reason of a defect in a
road, reports of committees appointed by the town to inquire into the facts of the
case, and votes of the town accepting such reports, are not admissible in evidence
against the town, if such reports do not set forth facts which show the liability of the
town, and if such votes neither acknowledge any liability, nor direct any settlement
with the plaintiff at the town's expense.

THIS was an action on the Rev. Sts. *c.* 25, § 22, to recover
double damages for an injury received in the plaintiff's person
by reason of a defect in a highway which the defendants were
by law obliged to repair. The plaintiff alleged, in his declara-
tion, that he was riding in a wagon, and that by means of a de-
fect in the highway, he was thrown out, and thereby one of his
legs was broken, &c.

At the trial before the chief justice, the alleged injury was
proved or admitted ; but the defendants denied that the highway
was defective, and also undertook to prove that the injury was
caused by the plaintiff's carelessness and negligence. Much
evidence, on both sides, was given on these two points of de
fence, and the jury found a verdict for the defendants. The
plaintiff moved for a new trial, on the ground of the rejection
of evidence offered by him ; viz. copies, from the records of
the town of Weston, of the reports of committees and votes of
the town, which are hereinafter mentioned.

On the 10th of November, 1834, the defendants voted that
the selectmen be a committee to inquire into the circumstances

relating to the accident by which the plaintiff had his leg broken, and make a report thereon at the town meeting in March 1835 At that meeting the selectmen made a report, and the subject, by vote of the town, was recommitted to them, with directions that they should report again at the next May meeting. The selectmen, at the May meeting, reported that the plaintiff, on the 15th of July, 1833, was riding in a large chair or couch, placed in the bottom of a light wagon, and when within a few rods of h s house, the wagon wheel struck a stone in the road, and the plaintiff, together with the chair, was suddenly thrown to the ground, but the wagon was not upset; that they had examined the wagon, the chair and the stone, and that, in their opinion, all the circumstances did not render it absolutely certain that the town was liable for damages; but that the plaintiff had a just and equitable claim on the friends of humanity, which ought not to pass unnoticed. After setting forth the condition and character of the plaintiff, his sufferings, and the expenses necessarily attending the injury he had received, the selectmen declared their opinion that something could and ought to be done to meliorate the plaintiff's condition, and to effect a peaceable adjustment of the whole affair, and concluded their report thus : " Your committee have drawn up a subscription, which is herewith presented, and would recommend that a committee, consisting of one person from each school district, be appointed to collect subscriptions for him ; and we appeal to every individual in the town," &c. The town thereupon " voted that the report be accepted," and appointed a committee accordingly to procure subscriptions for the plaintiff's relief.

By a vote of the town, passed May 2d, 1836, the chairman of the committee last abovementioned was directed to ascertain what sums had been or might be collected by them, and that they pay over the amount to the plaintiff, " on condition tha: he relinquish all claims against the town for injuries sustained."

At a town meeting, March 6th, 1837, a committee was appointed, by vote, to confer with the plaintiff on the subject of his claim for damages, and was directed to make a report at the

Dudley *v.* Inhabitants of Weston.

next meeting. On the 1st of May following, this committee re-
ported that the plaintiff demanded of the town $1000, as dama-
ges, or would "leave it with three men, to be chosen, one by the
committee, one by himself, and one by the two first, to say what
compensation, if any, he shall receive." Whereupon the town
" voted to accept the report of the committee appointed to con-
fer with F. K. Dudley, and to have no further action on the
subject."

New trial to be granted, if the foregoing reports and votes, or
either of them, ought to have been admitted in evidence for the
plaintiff.

*Mellen,* for the plaintiff.

*S. Hoar,* for the defendants.

WILDE, J. At the trial of this case, the plaintiff offered in
evidence copies, from the records of the town of Weston, of
certain reports of committees, and votes of the town, on the
subject of the controversy between the parties, which were
deemed by the court not material and pertinent to the case ;
and they were accordingly rejected. The object of the town,
as disclosed by these votes and the reports of the committees,
appears to have been to ascertain the facts in relation to the
plaintiff's complaint, and to compromise with him, to avoid an
action. But it does not appear that there has been, expressly
or impliedly, any admission of the liability of the town, or of
any fact material to the issue. There has been no offer to pay
the plaintiff any money belonging to the town. The money of-
fered was collected from individuals, by subscriptions. It is
true that the town appointed a committee to procure subscrip-
tions ; but this was upon the recommendation of a former com
mittee, on the assumption that the town was not legally liable
If, however, the money had belonged to the town, the offer to
pay it was made with a view to a compromise, and the proof of
such an offer would be inadmissible. Bul. N. P. 236. *Marsh*
v. *Gold,* 2 Pick. 285. *Gerrish* v. *Sweetser,* 4 Pick. 374.

The acceptance of the reports of the committees was no ad-
mission of the facts reported. In accepting the first report, the
town agreed to the measure recommended by the committee ;

but there was no admission of the facts stated in that report. The other report of the committee was also accepted ; but the vote was to accept the report, " and to have no further action on the subject " — which shows that by *accepting* the report, the town intended nothing more than *receiving* the same ; otherwise, if the word " accept " is to be understood in the sense of the word " agree," the latter vote would be repugnant. We think it, therefore, beyond doubt that the word " accept " was not used in that sense in the latter vote ; and we must presume that the word was understood in the same sense in both votes.

*Judgment on the verdict.*